## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiff,<br><br>v.<br><br>WANGRUIZE4457,<br><br>Defendant. | Case No. 23-cv-01506<br><br>Hon. Steven C. Seeger |

## PERMANENT INJUNCTION ORDER

This action having been commenced by Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited (collectively, "Spin Master" or "Plaintiffs") against the fully interactive, e-commerce store operating under the seller aliases identified as "wangruize4457" which allegedly offers to sell, and does sell, unauthorized, counterfeit, and infringing Rubik's products on its e-commerce store, and Plaintiffs having moved for entry of Default and Default Judgment against the Seller Alias (the "Defaulting Defendant").

This Court finds, without adversarial presentation, that it has personal jurisdiction over Defaulting Defendant since Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiffs have provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using the Seller Alias, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products using infringing and counterfeit versions of the RUBIK'S Trademarks (a list of which is included in the chart below) to residents of Illinois.

| Registration No. | Trademark |
|---|---|
| 1,242,974 | RUBIK'S CUBE |
| 1,265,094 | |
| 7,033,371 | RUBIK'S |

This Court enters this permanent injunction under Rule 65(d) in light of Plaintiffs' showing of the willful use of counterfeits of the RUBIK'S Trademarks by the Defaulting Defendant.

The Court orders as follows:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and other persons in active concert with it be permanently restrained from:

    a. using the RUBIK'S Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Rubik's product or not authorized by Plaintiffs to be sold in connection with the RUBIK'S Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Rubik's product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the RUBIK'S Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

    d. further infringing the RUBIK'S Trademarks and damaging Plaintiffs' goodwill; and

    e. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bears any of Plaintiffs' trademarks, including the RUBIK'S Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof.

Date: February 23, 2024

Steven C. Seeger
United States District Judge